**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JAMES D. WALLS,**

**Plaintiff,**

**v.** **Case No. 26-CV-432**

**ROBERT DOYLE, COREY RAHLF,**
**SUSAN COMBS, NICOLE BROWN,**
**KAREN HANNAH, DENISE VALERIUS,**
**KENNETH LOBENSTEIN, PATRICIA DEROUIN,**
**and BRENDAN INGENTHRON,**

**Defendants.**

---

## ORDER SCREENING THE COMPLAINT

---

On March 17, 2026, plaintiff James D. Walls, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without the prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

The court has jurisdiction to screen the complaint in light of Walls's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Walls was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 17, 2026 Walls filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 31, 2026, the court issued an order requiring Walls to pay an initial partial filing fee of $3.47 before April 30, 2026. (ECF No. 6.) On April 28, 2026, Walls paid the fee. The court will grant Walls's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Walls was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss

a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Walls's Allegations*

Walls alleges that on April 3, 2025, the defendants, who were all members of the Special Needs Committee (SNC) at New Lisbon Correctional Institution, denied his request for a low bunk and low tier restriction. (ECF No. 1 at 5.) Walls had previously had his knees replaced and suffers from balance issues which requires the use of a cane. (*Id.*) He had a low bunk and low tier restriction since the beginning of his incarceration on October 12, 2020. (*Id.*) In early 2025, Sgt. Cross told Walls that his low bunk and low tier restriction was expiring. (*Id.*) Cross instructed Walls to talk to the Health Services Unit (HSU). (*Id.*) The HSU told Walls to write to the SNC. (*Id.*) Walls did so, and as mentioned above, the SNC denied his request. (*Id.*)

On May 12, 2025, Walls was moved to an upper bunk. (ECF No. 1 at 5.) On July 7, 2025, he slipped and missed the bottom rung of his bunk ladder, injuring his foot. (*Id.*) Walls was seen by HSU staff on July 11, 2025, and Dr. O'Brien, who happened to notice Walls, told a nurse that "it might be a 'Lisfranc' injury." (*Id.* at 6.) An x-ray was ordered, and Walls's low bunk and low tier restriction was reinstated at that time. (*Id.*) Walls states that the x-rays showed that he fractured his fourth metatarsal in his left foot as a result of slipping off his bunk ladder. (*Id.*) Walls seeks $9,500.00 dollars in damages; a permanent restriction for low bunk and low tier; and a permanent restriction for "Pro Care Medical Shoes." (*Id.* at 7.)

*Analysis*

Walls claims that his constitutional rights were violated when the defendants, as members of the SNC, denied his low bunk and low tier restriction. A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." *Id*. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." *Stallings v.*

*Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)).

At this stage, Walls sufficiently alleges an Eighth Amendment deliberate indifference claim against the defendants. He states that the defendants knew about his knee and balance issues but despite this knowledge still denied him a low bunk and low tier restriction. This denial resulted in a fall a few months later where Walls broke his foot.

**THEREFORE, IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Robert Doyle, Corey Rahlf, Susan Combs, Nicole Brown, Karen Hannah, Denise Valerius, Kenneth Lobenstein, Patricia Derouin, and Brendan Ingenthron. Under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Walls's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Walls shall collect from his institution trust account the $346.53 balance of the filing fee by collecting monthly payments from Walls's prison trust account in an amount equal

to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Walls is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Walls is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Walls is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

parties must notify the Clerk of Court of any change of address. Walls is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Walls' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Walls may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 5th day of October, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge